"One per centum on any transfer of the value in excess of five thousand dollars up to the value of fifty thousand dollars, two per centum on any transfer of the value in excess of fifty thousand dollars up to the value of two hundred fifty thousand dollars, three per centum on any transfer of the value in excess of two hundred fifty thousand dollars up to the value of one million dollars and finally four per centum on any transfer in excess of the value of one million dollars."

Or, to put it another way, it is as though the Legislature has said the tax will be 1 per cent. on any transfer in excess of $5,000 up to and until the transfer reaches $50,000, 2 per cent. on any transfer in excess of $50,000 up to and until the transfer amounts to $250,000, 3 per cent. on any transfer in excess of $250,000 up to and until the transfer reaches $1,000,000, and finally 4 per cent. on all amounts in excess of a transfer of the value of $1,000,000.

This construction is further emphasized by the last provision for taxation in this section, "four per centum on any amount in excess of one million dollars," which, to my mind, indicates an intention on the part of the Legislature that a legacy or share of $1,000,000 in value is the maximum amount which may be transferred without incurring a 4 per cent. tax. If we apply the rule laid down in the Jourdan Case, we have this result: $5,000, exempt; $50,000, 1 per cent. tax; $250,000, 2 per cent. tax; $1,000,000, 3 per cent. tax; or a total legacy or share of $1,305,000 transferred before the 4 per cent. tax takes effect. Whereas under that statute, as I read it, this is the scheme contemplated: $5,000, exempt; $45,000, 1 per cent. tax (total transfer $50,000); $200,000, 2 per cent. tax (total transfer $250,-000); $750,000, 3 per cent. tax (total transfer $1,000,000), making a total of $1,000,000 transfer subject to the rates of 1, 2, and 3 per cent. on the different amounts set forth, and the 4 per cent. tax becomes operative on any transfer in excess of the value of $1,000,000.

An order may be entered fixing a tax of 1 per cent. on $45,000 and 2 per cent. on the balance of $17,074.87.

Decreed accordingly.

---

(75 Misc. Rep. 592.)

### In re TELLER.

(Surrogate's Court, Cayuga County. February, 1912.)

1. WILLS (§ 456*)—CONSTRUCTION—INTERPRETATION.
   Words and phrases in a will are to be taken in their usual sense, unless a clear intent to the contrary is shown.
   [Ed. Note.—For other cases; see Wills, Cent. Dig. § 974; Dec. Dig. § 456.*]

2. WILLS (§ 565*)—CONSTRUCTION—DEVISE OF INTEREST IN FIRM.
   Where the son and one daughter of testator are his residuary legatees, and the personalty is insufficient to pay a pecuniary legacy to another daughter, a bequest to each residuary legatee of an undivided one-half of testator's interest in a certain business and in the good will therein conducted by a firm of which he was a member does not include the debts due the firm at the time of testator's death.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1233–1238; Dec. Dig. § 565.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. GOOD WILL (§ 2*)—ELEMENTS.

The good will of a commercial partnership is an asset separate and distinct from its stock of goods or capital, and consists of the advantage which inures to the firm beyond the value of its physical property because of the general public patronage which it receives from habitual customers.

[Ed. Note.—For other cases, see Good Will, Cent. Dig. § 1; Dec. Dig. § 2.*

For other definitions, see Words and Phrases, vol. 4, pp. 3128–3130.]

4. WILLS (§ 736*)—CONSTRUCTION—USE OF PREMISES—PAYMENT OF TAXES.

That an absolute devise in equal shares of certain realty to residuary devisees is by a later clause qualified by giving the daughter of testator use of the premises for one year without charge does not relieve her from liability for current taxes.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1875–1887; Dec. Dig. § 736.*]

In the matter of the settlement of accounts of John D. Teller, surviving executor. Decree rendered.

T. M. Hunt, for executor.
Turner & Kerr, for Mary L. Bowers and others.

WOODIN, S. Upon the judicial settlement of the accounts of the executor of the above-named decedent, the question is presented as to whether or not the bequest in the will to decedent's daughter, Mary L. Bower, of an "equal undivided one-half of my share and interest in the stock of goods in said store, No. 117 Genesee street, and in the good-will of the general drug business therein conducted," carries with it accounts receivable of the firm (of which decedent was a member), including as well an indebtedness owing by the decedent to the firm at the time of his death.

A similar bequest is made to the decedent's son, Martin L. Walley, Jr. These two legatees are also the residuary legatees and devisees in the will; and the interpretation to be placed upon the clause referred to becomes important, solely because of the fact that there is not sufficient personal property to pay in full a general legacy of $5,000 given to the decedent's daughter Alice L. Hutchinson, and the amount to be paid on this legacy will be increased or diminished according to the construction placed upon said clause.

It is urged that the testator intended to transfer to the two children referred to, in equal shares, his entire interest in the drug business of the firm, including all indebtedness owing the firm. The intention of the testator must be gathered from the will itself, where there is no ambiguity and the language is plain.

[1] It is a rule of construction that words and phrases in general are to be taken in their plain, usual, and primary sense, unless a clear intention to use them in another sense can be ascertained from the instrument.

[2] After carefully reading over the will, I am unable to spell out any intention on the part of the testator to enlarge the ordinary meaning of the terms used. The expression "stock of goods" cannot be claimed to include accounts receivable, cash, or other evidence of debt;

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and the phrase "good will" has never been construed to mean anything except what the name purports.

[3] The good will of a commercial partnership is an asset of the firm, separate and distinct from its stock of goods, capital or other assets, and consists of the advantage or benefit which inures to the firm beyond the mere value of its physical property, in consequence of the general public patronage which it receives from constant or habitual customers, on account of its location, reputation, etc. If the contention of the beneficiary under this clause is correct, the bequest would also, on the same reasoning, include firm cash on hand or other firm assets; whereas, if the testator meant to transfer to the beneficiary named just his interest in the stock of goods and in the good will of the business and no more, he could not have expressed it more clearly.

The testator was a business man of long experience, familiar with business terms and expressions; and, if he had intended to transfer his entire interest or share in the business, including cash, accounts receivable, etc., it is reasonable to suppose he would have done so in appropriate language. By transferring to his son and daughter his interest in the stock of goods and good will of the business, he placed them in a position to continue the business with the surviving partners, if agreeable, leaving his interest in the surplus in the firm's assets to be applied by his executors to the other purposes of the will.

The indebtedness owing by the testator to the firm at the time of his death would theoretically be collected in by the surviving partners, together with other accounts receivable; and, after the discharge of the firm's indebtedness, one-third of the surplus would then be paid to the executors. It seems to me that this view is sustained in Matter of Long Island Loan & Trust Co., 92 App. Div. 5, 87 N. Y. Supp. 318, where it was held that debts for legal services would not pass under a clause of the will:

"I give and bequeath to my son Dwight all my law business, law books, papers, safe, bookcases and office furniture, and all property pertaining to my business."

[4] Another question presented arises from the construction to be placed upon the clause giving the use of the premises No. 177 Genesee street to said Mary L. Bower for the term of one year after the testator's death without charge. It is claimed by her that the expression "without charge" relieves her from the liability to pay current taxes. In an earlier part of the will the testator devises this property outright, in equal shares, to his two children, said Mary L. Bower and said Martin L. Walley, Jr., and then later qualifies it by the clause referred to.

The usual rule is that the tenant for years or for life must pay the current taxes, and the remaindermen or the estate of the decedent cannot be burdened with the payment of the same, unless such an intent is clearly and unequivocally expressed in the will. It does not appear to me that the expression "without charge" imposes the liability on the decedent's estate to pay the taxes. If it did, it would

also include every other expense incident to maintaining the property, such as water taxes, flushing taxes, necessary repairs, etc.

A fair construction of this clause would be that the testator, after having devised the property outright to his son and daughter in equal shares, intended to further provide for his daughter by giving her the use of the property for one year, without being charged for the same or being accountable either to the estate or the other devisee for the use thereof. Whatever may be the equities between the two devisees, it is not competent for the surrogate to determine, but I should hold that there is no obligation imposed upon the executor to pay taxes on this property out of any funds in his hands belonging to said estate.

A decree may be entered judicially settling the account in accordance with the above conclusions.

Decreed accordingly.